## CHARLES B. ERICHSON vs. EDGAR H. BEACH.

The act of 1871 provides that the active militia of the state shall consist of able bodied male citizens between eighteen and forty-five years of age, already organized into companies under existing laws or thereafter organized under that act, and that the Governor as commander-in-chief may organize such companies, and, in a later part of the act, that all enlistments shall be for five years, and that persons enlisting shall sign duplicate enlistment papers, one to be delivered to the adjutant general and the other filed with the company records. The defendant with forty others signed a petition to the Governor to be organized into a company under the act, which petition was granted, and an order issued for the petitioners to assemble under the statute for choice of officers. They did so assemble, and officers were duly chosen, the defendant being present during a part of the meeting, but absent at the time of voting. He did not attend any other meetings of the company, nor perform duty as a member, and did not sign any enlistment paper. Held that he had made such an enlistment as to become a member of the company.

The provision with regard to signing duplicate enlistment papers was regarded as merely directory.

In a suit brought by the commanding officer of the company to recover a penalty under the statute for a breach of the company rules, it was held to be a fatal defect in the declaration that there was no averment that the commanding officer of the regiment approved the institution of the suit, the statute making such approval necessary.

DEBT for a fine; brought by appeal from a justice to the Court of Common Pleas for Hartford County. The plaintiff sued as captain of a militia company, for a fine imposed upon the defendant as a member of the company for failing to appear at a time and place appointed for parade. The suit was brought under the act of 1871 "for forming and conducting the military force," the 37th section of which provides that companies organized under the act may enact by-laws, subject to the approval of the brigadier general, and may enforce them by penalties, and the 87th section of which provides that the commanding officer of such a company may bring an action of debt in his own name for the recovery of such penalties, where the suit is approved by the commanding officer of the regiment. The declaration contained no averment of such approval by the last named officer.

The case was tried to the court on the general issue and the following facts found by the court:

The defendant, with a number of other persons, on the 29th day of December, 1871, signed the following petition addressed to the Governor of the state.

"SIR:—We the subscribers, able-bodied citizens, between the ages of eighteen and forty-five years, residing in the town of New Britain, in said state, respectfully petition your excellency to organize us into a company of infantry, to be annexed to the First Regiment Connecticut National Guard; and hereby pledge ourselves, if so organized, to obey all laws, rules and regulations for the government of the militia which are or may be established. It is understood, and we hereby agree, that we will, when duly organized, without unnecessary delay, equip ourselves in conformity in all respects to the state uniform which is or may be established by the commander-in-chief."

On the 20th day of March, 1872, the prayer of the petition was granted by the Governor, and the petitioners were organized into a company of infantry under the following general order.

"General Headquarters, State of Connecticut, Adjutant General's Office, New Haven, March 20th, 1872.

"GENERAL ORDERS, No. 5.

"1.   The petition of Charles B. Erichson and forty others, residents of New Britain, to be organized into a company of infantry of the Connecticut National Guard, is granted by the commander-in-chief.

"2.   The said petitioners are hereby organized into a company of infantry as Connecticut National Guards, and will be designated as "Company E, First Regiment, First Brigade," and will report to and receive orders from the commanding officer of that regiment.

"3.   The company thus organized will be subject to all laws, rules and regulations established, or which may be established, for the government of the militia of this state.

"4.   The said Charles B. Erichson will give notice to each and all the signers of said petition, directing them to assem-

ble for choice of officers, and when so assembled will lead them to nominate by ballot a captain, first lieutenant and second lieutenant, and make return of his doings, giving the result of said election, with full names of the officers elected and their residence, direct to this office.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"By order of the Commander-in Chief.

"S. E. MERWIN, Jr., *Adjutant General.*"

A meeting of the company was called by the plaintiff, in accordance with the order, for the choice of officers, and he was at the meeting duly elected captain of the company and was appointed by the Governor. The defendant was present at this meeting before the meeting was called to order and again before the adjournment, but was not present during the transaction of any of the business of the meeting. The chairman of the meeting stated to the defendant, before its adjournment, what action had been taken, and asked if it was satisfactory to him; and he replied that it was, but that from what had been told him by some one else, he supposed that the meeting had adjourned. The defendant, up to the time of the commencement of this action, had not signed duplicate enlistment papers, and has never signed any contract of enlistment, except the before-mentioned petition. He has never attended any meeting of the company except the first, and has never performed any duty as a member of the company or done any other act recognizing such relation.

Upon these facts the case was reserved by the Court of Common Pleas for the advice of this court.

The only question made in the case (except as to the sufficiency of the declaration) was whether the defendant was legally a member of the company. If so a member, his liability for the fine sought to be recovered was not denied.

The act of 1871, under which the suit was brought, provides that the active militia of the state shall consist of able-bodied male citizens between eighteen and forty-five years of age already organized into companies under preëxisting laws or afterwards organized under the act then passed, and that the Governor as commander-in-chief may organize such companies. The 38th section of the act provides that "all enlist-

ments shall be for the term of five years," and the 39th section that "all persons enlisting shall sign duplicate enlistment papers, one of which shall be sent to the adjutant general, and the other filed with the company records."

*Hamersley.* for the plaintiff.

A. H. *Fenn,* for the defendant.

PARK, J. The defendant with forty other able-bodied citizens of this state petitioned the Governor on the 29th day of December, 1871, to be organized into a company of infantry, to be annexed to the First Regiment of the Connecticut National Guard. The petition was granted on the twentieth day of March of the same year, and the petitioners were directed to assemble for the choice of officers of the company. The defendant was present at the meeting called for the purpose, and expressed himself satisfied with the selections that were made, although he took no active part in the transactions of the meeting.

These are the principal facts regarding the main question raised in this case, which is, whether the defendant was duly enlisted into the military service of the state?

We think he duly enlisted when he signed the petition to the Governor and was accepted as a member of the active militia. An enlistment, says Bouvier, is "the act of making a contract to serve the government in a subordinate capacity, either in the army or navy." To enlist, says Webster, is "to enroll for military service." It is obvious from these definitions that the defendant did all that he possibly could have done had he signed a formal enlistment paper. He offered himself to the government in unmistakable written terms, and, before the proposition was withdrawn, was accepted, and he and his associates were organized into a military company. After this was done we think the contract of enlistment was complete, and that the defendant could not afterwards withdraw from the service.

But it is claimed that the contract of enlistment was not complete and binding, because the defendant did not sign

duplciate enlistment papers as required by the thirty-ninth section of the act. That section provides that " all persons enlisting shall sign duplicate enlistment papers, one of which shall be sent to the adjutant general and the other filed with the company records." But this provision is merely directory, and a compliance with it clearly is not necessary to the validity of an enlistment made as was the present one. It is in terms directory, and seems intended rather to provide for record evidence of the enlistment than to prescribe the only possible mode of effecting an enlistment. The Governor as commander-in-chief is authorized by the act to organize into military companies persons making application to him to be so organized, and when he has thus organized a company so that it has a legal existence as such it must of course have members, and yet the construction contended for would give such a company an organization and legal existence while not a person in it would be held by any binding enlistment. Such we feel sure can not have been the intention of the legislature.

Another objection is made by the defendant which we think is fatal to the plaintiff's case as it now stands. The eighty-seventh section of the act on which this suit is based, provides that " no action shall be brought under this section except upon the approval of the commanding officer of the regiment." There is no allegation in the plaintiff's declaration that such approval was given. It is obviously essential that the allegation should be made and the fact proved, before the plaintiff can be entitled to recover. But inasmuch as it is highly probable that such approval of the commanding officer of the regiment was in fact given before the suit was instituted, and that the want of the proper averment was owing to mistake, we have concluded to advise the Court of Common Pleas that, if the plaintiff shall amend his declaration in the manner indicated, and shall prove to the satisfaction of the court that such approval was in fact given before the suit was instituted, judgment should be rendered for the plaintiff; otherwise for the defendant.

In this opinion the other judges concurred.